Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D., as Assignee of Perez, Dionicio, Respondent,
against
GEICO Ins. Co., Appellant.




Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered September 30, 2016. The order, insofar as appealed from, denied defendant's motion seeking summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing the second cause of action is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant's motion for summary judgment dismissing the complaint. 
To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an examination under oath (EUO), an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had twice failed to appear, and that the insurer had issued a timely denial of the claim (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Parisien v Metlife Auto & [*2]Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). While defendant made such a showing regarding the second cause of action, as to the first cause of action, the record does not establish that the follow-up letter scheduling the second EUO was timely sent (see 11 NYCRR 65-3.6 [b]; Avicenna Med. Arts, PLLC v Unitrin Advantage Ins. Co., 47 Misc 3d 130[A], 2015 NY Slip Op 50382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). As a result, defendant did not demonstrate that it is not precluded from interposing its proffered defense with respect to the first cause of action. Consequently, defendant is not entitled to summary judgment dismissing the first cause of action.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing the second cause of action is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 03, 2019